Wardlaw, J.
delivered the opinion of the Court.
The declarations which Langford made to Young are proof of the promise wiiich he made to Hindman, as are his de-claraiions to Gentry. The first bale of cotton was m Young’s hands, according to previous agreement between Hmdman and Wiggins; sent to the gin with the knowledge and perhaps by the assistance of Hindman.
The case then seems to be this :
Young held one bale of cotton as security for the joint note of Wiggins and Hindman, in which Hindman was surety; Langford acknowledged that he had agreed with Hindman to substitute his note for Hindman’s to Young, and take the cotton. Upon this agreement he received the cotton ; he has refused to substitute his note forHiudman’s. Hindman, having lost his security, has paid the joint note to Young, and now claims damages from Langfoid. for non-performance of his contract. It is objected that the statute of frauds makes Langford’s promise void for want of memorandum in writing.
Langford’s agreement was a promise to answer for the debt of a third person, who was still held liable: but it was founded on a new and distinct consideration, co-extensive with it, and moving not to the third person, but to the person who made the promise.
The consideration was not of mere loss to the promisee, but of benefit to the promisor himself.
In effect, the case comes even up to the principle of those which have been taken out of the statute, on the ground that there was a purchase of an interest, and not a mere undertaking to pay the debt of another.
The motion is granted, and a new trial ordered.

Motion granted.